## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| JASON GRIEGEL ,<br><br>Plaintiff,<br><br>v.<br><br>AT&T CORP and T-MOBILE USA, INC.<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for any pendent state law claims.

2.  This action arises out of Defendant's violations of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii), as well as other Federal and State law tort claims.

3.  Venue is proper in this District because the acts and transactions occurred here and Defendant transacts business here.

### PARTIES

4.  Plaintiff is a natural person who resides in Lake County, Indiana.

5.  Defendant AT&T CORP (hereinafter "Defendant AT&T") is a New York Corporation that does business in Indiana and maintains a Principal Office Address of ONE AT&T WAY, BEDMINSTER, NJ 07921.

6.  Defendant T-MOBILE USA, INC. (hereinafter "Defendant T-MOBILE" is a Delaware Corporation, which does business in Indiana and maintains a Principal Office address of 12920 SE 38TH STREET, BELLEVUE, WA 98006.

## FACTUAL ALLEGATIONS

7. Plaintiff maintains the cellular telephone number (708) 670-6975.

8. Plaintiff has maintained and used the number 708-670-6975 for approximately ten (10) years.

9. Both Defendant AT&T and T-MOBILE have, without permission, continuously contacted Plaintiff's cellular telephone by means of a computer operated dialing system, in an effort to collect a debt, allegedly owed by a third party believed to be named "Octavio Comboda."

10. Plaintiff has never gone by the name "Octavio Comboda."

11. Plaintiff has informed agents of Defendant that he is not "Octavio Comboda" and has no knowledge or relation to "Octavio Comboda."

## Violations of the FDCPA and TCPA

12. On or about July 9, 2014, Plaintiff received a call to his cellular telephone (708-670-6975) from number bearing 800-288-2020, which is believed to be owned by Defendant AT&T.

13. Plaintiff did not answer the initial communication, however returned call. Upon return call, Plaintiff was connected to a customer service representative and informed said representative that he did not want to receive any further calls, which expressly notified AT&T that AT&T did not have permission to contact him through his cellular telephone.

14. Plaintiff did not receive any further calls until September 2014.

15. Plaintiff received two phone calls from 800-288-2020 in September 2014, despite expressly informing AT&T of his request not to be contacted on his cell phone. It was at this time, September 2014, that Plaintiff learned that AT&T was contacting him to collect a debt on a U-Verse account owed by "Octavio Comboda."

16.    On or about October 21, 2014, Plaintiff received a call to his cellular telephone (708-670-6975) from number bearing 312-488-1903, which is believed to be owned by Defendant T-MOBILE.

17.    Plaintiff received a second call from 312-488-1903 on October 28, 2014.  At this time, Plaintiff followed the computer generated prompts to notify T-MOBILE that he no longer wished to be contacted by cellular phone and that he was not the party being sought by T-MOBILE.

18.    Despite express NOTICE to cease calls, Plaintiff received additional calls to his cellular telephone from T-MOBILE on October 29, 2014 and November 3, 2014.

19.    At various times, as described above, Plaintiff has received numerous calls to his cellular phone from Defendant using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

20.    All telephone calls made to Plaintiff's cellular phone were done so in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

21.    Defendant's repeated attempt to collect the debts of "Octavio Comboda" are in violation of the FDCPA, because Defendant is unable to substantiate the character, amount, or legal status of the debt, or otherwise provide documentation of the debt, in violation of 1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

22.    Additionally, Plaintiff has informed both Defendants that he is not "Octavio Comboda." Yet, both Defendants continued communication. Said actions constitute a violation of the FDCPA as they constitute harassment and invasion to privacy in violation of Section 1692.

### Plaintiff Has Suffered Actual Damages From This Malicious Prosecution

23.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered actual damages in the form of emotional distress and aggravation, as Defendants have intruded into Plaintiff's privacy and seclusion.

### TRIAL BY JURY

24.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### TELEPHONE CONSUMER PROTECTION ACT
### 47 .S.C. Section 227 et seq.

25.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

26.     As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

27.     Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of not less than $500.00 per phone call made to Plaintiff.

28.     Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

29.   Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

30.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

32.   As a result of each and every Defendants' violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## TELEPHONE CONSUMER PROTECTION ACT
## 48 .S.C. Section 227 et seq.

- for an award of damages pursuant to under the 47 U.S.C. Section 227(b)(3); and/or

- for an award of damages pursuant to the 47 U.S.C. Section 227(b)(3); and

- injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Respectfully submitted,

Dated: January 15, 2015

**JAHNKE, SULLIVAN & TOOLIS, LLC**

By: /s/ Christopher M. Jahnke
Christopher M. Jahnke, Esq.
10075 W. Lincoln Highway
Frankfort, IL 60423
Telephone: (708) 349-9333
Facsimile: (708) 349-8333
cmj@jtlawllc.com